UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NATALIE ANN MARIE MICONE,

Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

No. CV- 14-00026-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 14, 15. The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 15**.

**JURISDICTION**

Micone applied for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on September 20, 2010, alleging onset beginning

December 19, 2009 (Tr. 162-69). Benefits were denied initially and on reconsideration (Tr. 109-12, 114-17, 119-22). ALJ Moira Ausems held a hearing August 28, 2012. Micone, her mother, and medical and vocational experts testified (Tr. 48-103). The ALJ issued an unfavorable decision November 2, 2012 (Tr. 21-38). November 29, 2013 the Appeals Council denied review (Tr. 1-6). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 21, 2014. ECF No. 2, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Micone was 24 years old at onset and 26 at the hearing. She graduated from high school, attended college for a year and completed cosmetology school in 2006 or 2009 (Tr. 32, 64-66, 186-87, 293, 301, 341). She has no past relevant work (Tr. 32). Initially Micone alleged disability due to attention deficit hyperactivity disorder (ADHD) (Tr. 186). On appeal she alleges disability based on physical and psychological limitations.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments

acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20,

22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Ausems found Micone was insured through December 31, 2010 (Tr. 21, 23). At step one, she found Micone did not work at SGA levels after onset (Tr. 23). At steps two and three, she found Micone suffers from borderline intellectual functioning (BIF); learning disorder; reactive depression; pain disorder associated with general medical conditions and psychological factors; fibromyalgia and right eye blindness, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 23-24). The ALJ found Micone less than fully credible (Tr.

28). She found Micone is limited by right eye blindness and mental impairments but is able to perform a range of light work (Tr. 27, 96-97). At step four, the ALJ found Micone has no past relevant work (Tr. 32, 94-96, 243). At step five, relying on a vocational expert's testimony, the ALJ found Micone can perform other jobs such as cleaner, agricultural sorter and survey worker (Tr. 32-33, 97-99). The ALJ concluded Micone was not disabled from onset through date of the decision (Tr. 33).

**ISSUES**

Micone alleges the ALJ erred when she assessed credibility and weighed the medical evidence. ECF No. 14 at 6-7. The Commissioner responds that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. She asks the court to affirm. ECF No. 15 at 2.

**DISCUSSION**

*A. Credibility*

Micone challenges the ALJ's credibility assessment. She alleges "no issues were raised considering Plaintiff's veracity" at a consultative psychological evaluation. ECF No. 14 at 10-11. Presumably Micone refers to Dr. Wildman's statement in January 2011 that he felt Micone put forth maximum effort during testing (Tr. 280). The Commissioner responds that the ALJ's reasons for finding Micone less than credible are valid, and Micone fails to challenge the reasons cited

by the ALJ. ECF No. 15 at 7.

To help weigh the conflicting medical evidence, the ALJ evaluated Micone's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ's reasons are clear and convincing. They include: activities inconsistent with alleged limitations; unexplained or inadequately explained failure to consistently seek medical treatment; the ability to work after onset; symptom improvement with prescribed medication and inconsistent or unsupported statements (Tr. 27-30, 177).

Micone's activities have included caring for pets, riding horses, driving, shopping, preparing easy meals, cleaning, laundering and using a computer. She camped, fished, hunted, gardened and played cards and board games. She went to the movies, sporting events, barbeques and a bar to listen to music, with friends or

family. In March 2012 she had been engaged for one year, and planned to be married late in the summer of 2012. She could walk three miles (Tr. 63, 85-87, 204-08, 212-15, 277, 305, 343, 385). In 2010 Micone said she had not had treatment for eight years, from 2002 to 2010 (Tr. 221, 293). She worked after onset [at less than SGA levels], at times caring for her nephew twelve hours a day (Tr. 62, 341, 343-44). Depression and anxiety, as well as pain, improved with prescribed medication (Tr. 92, 338, 343, 355, 403). In May 2011 Micone indicated scoliosis was worse. In February 2012 treatment provider Jarvis opined scoliosis was mild. Micone indicated she needed a cornea transplant but this was unsupported by the medical record (Tr. 75, 222, 226, 307). Micone indicated she does not know how to count change, but testified she is able to if it is in her hand. Complaints of a poor memory are contradicted (Tr. 67, 236, 273, 276, 293, 301, 328, 353, 382).

The ALJ's reasons are clear, convincing and supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (daily activities are properly considered, as are inconsistencies in claimant's statements and inconsistencies between statements and conduct); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (lack of medical evidence is properly considered as long as it is not the sole basis for discounting pain testimony); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (unexplained noncompliance with medical treatment is

properly considered); *Warrre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (symptoms controlled effectively by medications are not disabling).

*B. Psychological limitations*

Micone alleges the ALJ should have given more credit to the opinion of examining psychologist Robert Wildman, II, Ph.D. ECF No. 14 at 9, 11. The Commissioner answers that the ALJ fully accommodated his opinion, as well as those of Drs. Mabee and Skewis, when she assessed Micone's residual functional capacity. ECF No. 15 at 9-11.

The Commissioner is correct.

Dr. Wildman assessed Micone in November 2010 and January 2011 (Tr. 273-80).

Micone drove herself to the first evaluation. She completed all paperwork in a very complete and legible manner. She was not taking any medications. She explained she was unable to find a job in the present economy. Dr. Wildman diagnosed adult residuals of childhood ADHD, associated with depression of a largely reactive nature, and personality disorder NOS, with avoidant and dependent features. He opined memory was not impaired and Micone can follow simple and detailed, but not complex, instructions. She is mildly to moderately impaired in the ability to interact socially, and moderately impaired in the ability to maintain attention and concentration, initially limiting her to simple tasks. He opined

Micone "very much needs to be enrolled in mental health treatment" to better manage mental states. He opined she needed a payee due self- doubts and lack of financial experience.

Dr. Wildman saw Micone two months later, in January 2011, to perform testing. Results show functioning between dull normal and borderline ranges of intelligence. He felt the scores represent a very minimal estimate of functioning, and opined Micone's is in the dull normal range. As noted, he felt Micone put forth maximum effort. Wildman pointed out Micone has continually maintained a driver's license since she was sixteen. She was twenty-five years old when he evaluated her (Tr. 273-74, 276-80).

The ALJ accepted Dr. Wildman's social limitations and included them in the RFC by limiting Micone to superficial contact with others. She accommodated assessed moderate limitations in concentration and attention by limiting Micone to simple routine tasks (Tr. 27, 96-97, 277).

Dr. Wildman's opinion is consistent with the opinion of W. Scott Mabee, Ph.D., who testified at the hearing, and agency reviewing psychologist Sally Skewis, Ph.D. (Tr. 281-97).

Dr. Skewis notes during an agency interview in September 2010, no problems were observed. Micone texted on her phone on and off throughout the interview. She completed cosmetology school in 2006, took no medication and was

last treated in 2002 (Tr. 193, 293). Dr. Skewis, consistent with the other experts, assessed moderate limitations in the ability to carry out detailed instructions, work in coordination with others and interact appropriately with the general public (Tr. 295-96).

Dr. Mabee testified no mental impairment alone or in combination met or equaled a Listing. He assessed an RFC for simple tasks with limited social contact; once tasks are learned, Mabee opined, pace would not be a problem (Tr. 55-56). This is consistent with the opinions of Drs. Skewis and Wildman, and with the residual functional capacity assessed by the ALJ. Micone fails to show the ALJ erred when she weighed the evidence of mental limitations.

*C. Physical limitations*

Micone alleges the ALJ should have found pain necessitates frequent position changes and a left shoulder impairment restricts the use of her dominant [left] hand. ECF No. 14 at 9; Tr. 305.

February 21, 2012, more than two years after onset, treatment provider Stacy Jarvis, PA-C., performed a GAU re-evaluation. She opined Micone could lift a maximum of 20 pounds, and frequently lift or carry only two pounds. Jarvis lists a recent diagnosis of fibromyalgia, with a rheumatology appointment in two months for “additional evaluation and treatment options.” She lists a diagnosis of scoliosis and describes it as a chronic but mild condition. Micone told Jarvis she can sit

fifteen minutes before she must change position. Walking increases pain. She can no longer ride horses very far or for very long due to pain and weakness afterward. She suffers depression related to chronic pain. Medication provides moderate relief. Jarvis opined once rheumatology confirmed the fibromyalgia diagnosis and a more "appropriate medication regimen is configured, she will be able to return to work." Jarvis also felt a "true" mental health evaluation would be beneficial (Tr. 302, 304-07).

Micone alleges the ALJ should have included the need to change positions in the RFC based on her pain complaints. ECF No. 14 at 9. This simply recasts the allegation the ALJ improperly assessed credibility.

Moreover, at the April 6, 2012 rheumatology appointment mentioned by Jarvis, George Morton, M.D., stated there was no evidence of a rheumatologic condition. Micone had full muscle strength. Dr. Morton suggested nine further tests (Tr. 304, 323, 367, 393-96).

Micone alleges the ALJ should have included left hand limitations caused by a rotator cuff tear in her left shoulder. However, the record is clear that this impairment did not last the requisite twelve months. *See* Tr. 395 (noting full muscle strength on exam in April 2012); and Tr. 411 ("pretty good strength" on exam in August 2012). After trials of physical therapy and injection failed, Micone underwent acromial decompression distal clavicle excision of the left

shoulder on November 1, 2012 and later reported "doing fine." (Tr. 420, 450, 456, 460).

Micone alleges her testimony is incompatible with an ability to sustain work. ECF No. 14 at 11. The court has addressed the ALJ's credibility assessment.

Opinions premised on Plaintiff's subjective complaints are properly given the same weight as Plaintiff's own credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

It is the ALJ's province to resolve ambiguity in the record. Although Micone alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. The ALJ assessed an RFC that is consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 15**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 8th day of July, 2014.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE